## WINCHELL SHOE MANUFACTURING CO v BAEHR

Ohio Appeals, 1st Dist, Hamilton Co

No 4043. Decided Dec 7, 1931

Benham & Benham, Cincinnati, for plaintiff in error.

W. H. Fox, Cincinnati, for defendant in error.

ROSS, PJ.

Without reviewing the correspondence at length, the difficulty between the parties is, that the plaintiff in error contends that the correspondence should include the initial letter written defendant in error on February 12th, 1929, incidentally the date mentioned in the bill of particulars as the·inception of the correspondence, while the defendant in error now contends that such correspondence must begin with a letter from the plaintiff in error to defendant in error, under date of April 18, 1929.

In the letter of February 12, 1929, plaintiff in error, after offering defendant in error employment, stated that if he decided to work for it, an application enclosed should be signed and returned. This application, which defendant in error admits having read, although never signed or returned, contained the following language:

"We agree to pay you a commission of 7% **on accepted orders,** 4% of which will be sent you Tuesday of each week. Final settlement being made the last of the month, less collection fees, cancellations, and return shoes."

The letter of February 12, 1929, contained the following paragraph:

"We operate on a 9% straight commission basis. Our usual custom being 7% for salesmen and 2% customers' discount. This of course would be governed entirely by the salesman taking the order if he so desired to split his commission."

In a letter written May 2, 1929, which defendant in error claims opened up negotiations, plaintiff in error states:

"Instead of our regular 9% to work from we are going to allow you another 1%, this gives you a figure of 10%. You understand that customers discount will be deducted from this figure. This is a great help where you get up against an account that insists on a 5% discount."

It is obvious that this letter was written in view of the letter of February 12th and enclosure, and was so understood by the parties.

Under date of July 1, 1929, the defendant in error wrote plaintiff in error:

"You will note that in my agreement with you I am not responsible for **returned goods** nor **cancellations**. Hence I can not accept deduction for same."

A stipulation requiring a manufacturer to pay commissions upon orders, whether the character of same or the financial responsibility of the principals permitted acceptance or not, is so obviously opposed to what is reasonable and fair and the universal custom of the trade that something specific must appear to indicate that the manufacturer intended to contract to such great extent against his interest. Reference to the excerpts quoted and a review of the entire correspondence causes us to conclude that such was not the intention of either party to the agreement. The burden rests upon the defendant in error to sustain the contract contended for by him, requiring payment of commissions upon orders whether same were accepted or not. The evidence is conclusive that such was not the agreement.

Giving the defendant in error the benefit of any question however, we do hold that the manufacturer under the agreement is required to pay commissions at the rates specified in the correspondence upon all orders accepted, although such orders were subsequently cancelled either by the purchaser or the plaintiff in error, or even if the goods were returned by the purchaser.

Although $21.24 is not in dispute, we reverse the entire judgment, remanding the case for a new trial in conformity to law, the amount mentioned assuring the defendant in error of a judgment for at least this sum, which is admitted to be due, and there being no tender of same before suit.

HAMILTON and CUSHING, JJ, concur.